The Honorable Doug Wood State Representative P.O. Box 5606 North Little Rock, AR 72119
Dear Representative Wood:
This is in response to your request for an opinion on the following question:
 May a duly elected official of a municipal government, who is paid an annual salary asset by ordinance, receive additional or separate compensation when acting on behalf of the various commissions, committees or boards of the municipality? Specifically, may an elected City Attorney serve as City Attorney and also as attorney for a board or commission of the City, and receive additional compensation?
A review of the potentially applicable case law and statutory authority in this area reveals the necessity of considering particular offices and commissions or boards when addressing these questions. Particular statutory provisions may apply, depending upon the specific positions involved. I have enclosed a copy of Opinion Number 87-451 which considers the dual role of municipal officer and counsel to the board of improvement of a central business improvement district. While we cannot provide a conclusive answer to the first part of your question, the enclosed should offer some general guidance in considering the issue with respect to particular offices and boards or commissions.
While your specific question regarding an elected city attorney also requires consideration of several additional factors, A.C.A14-88-406 offers guidance with respect to city attorneys representing municipal improvement districts. Section 14-88-406
states in pertinent part as follows:
 (a)(1) In all cities of the second class and incorporated towns within the State of Arkansas, the attorney representing the municipality shall be the attorney for all boards and commissions of all local improvement districts within the city or incorporated town.
* * *
 (c) The attorney shall receive as his compensation such fees as may be agreed upon by the boards. However, in no event shall his total compensation from the boards of improvement in any one (1) year exceed the sum of one thousand two hundred dollars ($1,200).
An ordinance of the City of Fort Smith was upheld by the Arkansas Supreme Court in the case of Bourland v. Coleman, 187 Ark. 392,60 S.W.2d 1021 (1933), wherein the city attorney was authorized a salary to be prorated among the various districts. The Court stated:
 Boards of improvement therefore have power to employee attorneys, and we see no just reason why an attorney who per chance may represent the city in which the improvement districts lie may not also represent the improvement district. It could make no difference although the board of commissioners of the city is also the governing board of the district.
187 Ark. at 396. The Court noted the applicability of Act 224 of 1931 (A.C.A. 14-88-406) to cities of the second class, and concluded that Fort Smith, as a city of the first class acting under a commission form of government, already had this power. Id. at 397.
The city attorney's representation of all municipal improvement districts in cities of the second class was also referenced in the case of Rowland v. State, 213 Ark. 780, 213 S.W.2d 370 (1948), cert. den., 336 U.S. 918 (1949). The Court referred to this representation as an example of an instance wherein additional duties were placed on the city attorney by legislative enactment.213 Ark. at 795, n. 21. The Court stated that "[t]he Legislature created the office of city attorney . . . and had the right to impose duties upon that official, in addition to the duties that the municipal corporation might impose." Id. at 795. It is thus clear that the Legislature did not perceive the city attorney's representation of the municipality as including representation of municipal improvement districts. The board of commissioners' clear authority to establish compensation in this regard is set out in 14-88-406.
The Court in Rowland v State, supra, also cited to Act 151 of 1893 (A.C.A. 14-43-313) in concluding that "[t]his act leaves it entirely to the city council in each city to prescribe the duties of city attorney." 213 Ark. at 794. Section 14-43-313 applies to cities of the first class and provides for such duties and salary as are proscribed by ordinance. Similar language is found in A.C.A. 14-42-112 with respect to cities of the second class and incorporated towns wherein it is stated that the city or town council may ". . . prescribe such other duties as they desire which shall be done by proper ordinance by the council." A.C.A.14-42-112(d)(2)(B).
Thus, while it is clear under A.C.A. 14-88-406 that the city attorney in a city of the second class represents the boards and commissioners of all local improvement districts and may be compensated for that representation, it is also clear that several factors must be considered when reviewing the city attorney's representation of other boards and commissions. These factors include the duties prescribed by ordinance, the particular board or commission involved and its authority to hire counsel, and the method of payment. If the city attorney's representation of the board or commission is established by ordinance and no separate provision is made for compensation, it may be successfully contended that additional compensation is prohibited. If the particular board or commission has the authority to hire counsel, and the ordinance prescribing the city attorney's duties does not address the matter, the city attorney's separate representation of that board or commission may be proper.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General